UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| DAVID ANDERSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-26-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| RODNEY BALLARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon separate motions to dismiss Plaintiff's Complaint for failure to state a claim filed by Defendants Kentucky Department of Corrections ("KDOC") employees Rodney Ballard, Brenda Beehler, Deresa Burkett, Rhonda Coleman, Cookie Crews and Christy Jolly [R. 3] and medical providers Kim Cook, Amanda Hardin, Kelly Mike (incorrectly identified in the Complaint as "Mike Kelly"), Frederic Kemen, Thadd Manning, Tania Pineiros, and Jennifer Whelan [R. 9]. Although Plaintiff, David Anderson, filed a response to the motion filed by the KDOC employees, [R. 5] he has not filed a response to the motion filed by the medical providers and the time for doing so has expired. [R. 8.]

**I**

Anderson is an inmate confined at the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky. Proceeding without an attorney, he filed a civil rights action in the Franklin County, Kentucky, Circuit Court asserting constitutional and state law claims based upon his allegations that Defendants failed to provide him with adequate medical care. [R. 1-1.] Because Anderson asserted violations of his Eighth and Fourteenth Amendment rights, this case was removed to this Court. [R. 1.]

From what the Court is able to ascertain, Anderson alleges that he was denied adequate medical care because: (1) Defendants Mike, APRN, and Dr. Manning, M.D., failed to supply medical treatment or medical supplies to Anderson; (2) Dr. Manning refused to treat Anderson for his asthma; (3) Mike refused to see Anderson and treat him for back and knee pain; (4) Mike refused to treat Anderson for unusually high arches; (5) Mike refused to increase the number of diapers provided to Anderson from 28 to 36; (6) Mike refused to prescribe ointment for Anderson's diaper rash; (7) Mike refused to issue Anderson earwax removal drops to loosen up earwax in his ear; and (8) Mike stopped providing Anderson with acid reflux medication. [R. 1-1 at 2–3, 6.][1]

Anderson's Complaint refers to and attaches administrative grievances that he claims to have filed with respect to each of his claims to his Complaint. [R. 1-1.] Anderson generally alleges that the remaining Defendants (other than Dr. Manning and Mike) breached their duty to exercise appropriate care to provide for Anderson's well-being "by failing to properly provide medical services" in response to the grievances Anderson filed against Dr. Manning and Mike and, instead, by agreeing that the care provided by Dr. Manning and Mike was appropriate. [R. 1-1 at 5–6.] Anderson alleges that the negligence of each of the Defendants was a "substantial factor" in causing his medical needs not to be met, which he alleges violates his Eighth Amendment right to be free from cruel and unusual punishment. [R. 1-1 at 6.]

**II**

---

[1] To be sure, the presentation of Anderson's claims in his Complaint is confusing, at best. For example, at random points of his Complaint, it appears that he has inserted excerpts from various legal guides that refer to legal theories (for example, his reference to the res ipsa loquitur doctrine [R. 1-1 at 2]) and procedural requests (such as the statement of intent to serve interrogatories [R. 1-1 at 10-11]) that do not appear to be relevant to the facts that he is alleging.

**A**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all well-pleaded facts in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). A complaint may be dismissed for failure to state a claim if "it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

The sufficiency of the complaint is generally tested with reference only to the face of the complaint itself. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013). This includes documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011). If a plaintiff refers to a document in his complaint and it is central to his claim, the document will be

3

considered part of the pleadings even if the plaintiff does not attach it to his complaint if the defendant attaches it to the motion to dismiss. *Campbell v. Nationstar Mtg.*, 611 F. App'x 288 (6th Cir. 2015) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). *See also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

**B**

First, although Anderson briefly references the Fourteenth Amendment of the United States Constitution at one point in his Complaint [R. 1-1 at 2], he fails to allege any facts that would support a Fourteenth Amendment Claim for violation of his due process or equal protection rights. Generally, *pro se* pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."). Thus, Anderson's failure to allege any facts that would give rise to a Fourteenth Amendment claim is a sufficient reason to dismiss this claim.

Moreover, the Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S.

4

386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."). Because the Eighth Amendment is the proper vehicle to assert challenges to Anderson's medical care, his claim under the Fourteenth Amendment fails as a matter of law, and must be dismissed. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (viability of claim under Eighth Amendment to challenge medical care of prisoner forecloses availability of substantive due process claim); *Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (prisoner's claim that officials retaliated against him for filing grievances was squarely covered by First Amendment, precluding due process claim under Fourteenth Amendment). Thus, to the extent that Anderson purports to bring a claim against the Defendants under the Fourteenth Amendment, this claim will be dismissed.

Turning to Anderson's Eighth Amendment claim, this claim must also be dismissed for failure to state a claim. Although it is not clear if Anderson is alleging constitutional claims against Defendants in their official or individual capacities, either claim fails. Notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Anderson's Complaint alleges that all of the

Defendants are either employed by the KDOC or Correct Care Solutions, a corporation contracted to provide medical care to inmates at the KSR. [R. 1-1 at 3–5.][2]

To the extent that Anderson seeks to sue KDOC employees, any "official capacity" claims are therefore civil rights claims against the KDOC. However, the KDOC is not subject to suit under § 1983 in federal court, both because a state agency is not a "person" subject to liability under § 1983, and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-CV-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-CV-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities.").

Moreover, to the extent that individual Defendants are employees of Correct Care Solutions, official capacity claims against these Defendants, which would be construed as claims against Correct Care Solutions, are also barred. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The same principle applies to a private company that contracts to provide medical care to prisoners, like Correct Care Solutions. *See, e.g.*, *Thomas v. Coble*, 55 Fed. App'x. 748 (6th Cir. 2003).

---

[2] Although the allegations of Anderson's Complaint are not always clear as to which entity employs which Defendant, in their Motions to Dismiss, the Defendants have clarified that Defendants Ballard, Beehler, Burkett, Coleman, Crews and Jolly are employed by the KDOC [R. 3] and Defendants Manning, Mike, Kemen, Whelan, Pineiroa, Cook and Hardin are employed by Correct Care Solutions [R. 9-1 at 4].

Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)(citations omitted).

Anderson has not alleged or identified a policy or custom of Correct Care Solutions that resulted in the alleged violation of a constitutional right, but rather seeks to hold the company liable for the actions of its employees. Accordingly, Anderson's complaint fails to state a claim against Correct Care Solutions or its employees in their official capacities.

Anderson's Eighth Amendment claims asserted against Defendants in their individual capacities fare no better. With respect to his claims against Defendants Kemen, Whelan, Beehler, Coleman, Burkett, Pineiros, Jolly, Cook, Hardin, Crews, and Ballard, Anderson does not allege that any of these Defendants were personally involved in the medical care provided to him, nor does he otherwise allege that these individuals were in any way deliberately indifferent to his serious medical needs. At most, Andersons's allegations imply that these individuals had supervisory responsibilities over those who provided him medical care. However, this is not sufficient to establish a constitutional claim against these Defendants because an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."). The mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because

*respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Likewise, to the extent that Anderson suggests that any or all of these individuals violated his constitutional rights by denying the grievances he filed regarding his medical care, such allegations are insufficient to state a constitutional claim against these Defendants. *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, Andersons's Eighth Amendment claims against Defendants Kemen, Whelan, Beehler, Coleman, Burkett, Pineiros, Jolly, Cook, Hardin, Crews, and Ballard in their individual capacities will also be dismissed.

Finally, with respect to the remaining Eighth Amendment claims against Defendants Mike and Manning, Anderson fails to state a claim for which relief may be granted. Anderson's Eighth Amendment claim is based upon his dissatisfaction with the examination and treatment provided by Dr. Manning and Nurse Mike. [R. 2 at 8–9.] However, the Eighth Amendment was not intended to constitutionalize state law tort claims against government officials. An allegation of negligence is not sufficient to state a claim under § 1983: a claim of "deliberate indifference" requires a knowing and intentional state of mind characterized by the blanket refusal or denial of medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who merely disagrees with the appropriateness or sufficiency of medical care provided by a physician fails, without more, to establish deliberate indifference. *Brooks v. Celeste*, 39 F.3d 125, 128 29 (6th Cir. 1994); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Here, there are no allegations that either Mike or Dr. Manning acted with a "knowing and intentional" state of mind required for a "deliberate indifference" claim. Rather, Anderson consistently frames his claims against Mike and Dr. Manning as claims of medical negligence. [*See* R. 1-1 at 7 (alleging that Defendants breached their duty to exercise that degree of care and service of a reasonable competent practitioner in the circumstances "by failing to properly diagnose the Plaintiff's medical needs and provide adequate and reasonable care.")]. Moreover, while Anderson alleges in his Complaint that Mike and Dr. Manning "failed to properly provide medical services" by refusing to treat his asthma, back and knee pain, and various other conditions, the records and grievances submitted by Anderson show that medical treatment was consistently being provided to him, albeit perhaps not the exact treatment he desired. [R. 1-1.][3]

For example, although Anderson alleges that Dr. Manning "refused" to treat his asthma, according to the documents submitted by Anderson, this was because Anderson was not presently on medication for asthma and his examination was normal. [R. 1-1 at 30, 32, 77.] In addition, contrary to his suggestion that Mike "refused" to see Anderson for his neck and back pain, these documents show that Anderson first did not seek an assessment for back or knee problems, then, although he was referred to a provider, complained that he did not want to wait to see a provider. [R. 1-1 at 87, 93.]

Similarly, with respect to his claim that he was refused treatment for "unusually" high arches, the records show that, although he mentioned having high arches when he consulted with Nurse Mike, he denied having any difficulty walking and there was no indication in the medical record that he requested an assessment for orthotics. [R. 1-1 at 100.] Regardless, although

---

[3] As these records and grievances were submitted by Anderson with his Complaint and are specifically referenced therein, the Court may consider them on this motion to dismiss. *Tellabs, Inc.*, 551 U.S. at 322.

Anderson was advised to speak to "UA II William Palmer" in regards to order shoes for his high arches, Anderson stated that he did not want to wait to see a provider. [R. 1-1 at 32, 103.] Finally, with respect to his claims that Nurse Mike and Dr. Manning refused to provide him with adequate medical supplies, these documents show that Anderson was being provided with the number of diapers sufficient to meet his needs as he reported to Dr. Manning [R. 1-1 at 31] and that he did not mention his need for additional diapers during his annual physical with his nurse practitioner [R. 1-1 at 107]. In addition, although Anderson requested a prescription for ointment for his diaper rash, the documents show that his nurse practitioner discussed hygiene related to his occasional diaper rash, but that he was encouraged to make sick call for evaluation when the rash is present to determine which medication, if any, is most appropriate. [R. 1-1 at 115–16.] With respect to the other medical supplies Anderson sought, Anderson was informed that these supplies were available for purchase in the canteen. Although Anderson claimed he could not afford these supplies, pursuant to KSR's policies, over-the-counter medications must be purchased from the canteen unless the inmate qualified as indigent, which Anderson did not. [R. 1-1 at 34, 36, 118, 120, 123, 124, 126, 128, 132, 134, 135, 139-143.]

Thus, rather than a blanket denial of medical care, the documents submitted by Anderson show that he was consistently receiving medical treatment from both Nurse Mike and Dr. Manning, but Anderson simply disagreed with the appropriateness or sufficiency of medical care provided. This disagreement is simply not enough to make out an Eighth Amendment claim of cruel and unusual punishment. *See Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Wright v. Sapp*, 59 F. App'x 799, 801 (6th Cir. 2003); *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003). Thus, Anderson's Eighth Amendment claims will be dismissed.

While Anderson has not stated viable claims under the Eighth or Fourteenth Amendment of the United States Constitution, the Court reaches no conclusion as to Anderson's remaining claims arising under state law. A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")(citations omitted). Because Anderson's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state-law claims and will remand these claims to the Franklin Circuit Court.

### III

Accordingly, **IT IS ORDERED** that:

1. The motions to dismiss filed pursuant to Rule 12(b)(6) for failure to state a claim by Defendants Ballard, Beehler, Burkett, Coleman, Crews and Jolly [**R. 3**] and Defendants Cook, Hardin, Mike, Kemen, Manning, Pineiros, and Whelan [**R. 9**] are hereby **GRANTED IN PART AND DENIED IN PART** as follows:

   a. To the extent that these motions seek to dismiss Plaintiff's Complaint for failure to state a claim arising under federal law, including 42 U.S.C. § 1983 and the United States Constitution, these motions are **GRANTED**;

b. To the extent that these motions seek to dismiss Plaintiff's Complaint for failure to state a claim arising under state law, these motions are **DENIED WITHOUT PREJUDICE** to Defendants' ability to re-file these motions in state court;

2. To the extent that Plaintiff's Complaint [R. 1-1] alleges claims against Defendants arising under federal law, including 42 U.S.C. § 1983 and the United States Constitution, such claims are **DISMISSED WITH PREJUDICE**;

3. The Court, in its discretion, declines jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c). Plaintiff's remaining state law claims are **REMANDED TO FRANKLIN CIRCUIT COURT** for further proceedings consistent with this opinion;

4. The Court will enter an appropriate judgment; and

5. This matter is **STRICKEN** from the active docket.

This 16th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge